# CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

**ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY**, including its officers, directors, representatives, shareholders, owners, agents, attorneys, employees, parent companies, subsidiaries, related companies, affiliates, successors and assigns, **ANGEL'S RECOVERY LLC**, including its officers, directors, representatives, shareholders, owners, agents, attorneys, employees, parent companies, subsidiaries, related companies, affiliates, successors and assigns, **TOVAH JASPERSON**, including his heirs, representatives, attorneys, successors, and assigns, (hereafter collectively referred to as "Defendants") and **EUGENE LEE PARKER**, including his heirs, representatives, attorneys, successors, **CARRINA CELIA THOMAS** including her heirs, representatives, attorneys, successors, and **KYLE BERTRAND THOMAS** including his heirs, representatives, attorneys, successors (hereafter referred to as "Plaintiffs"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release**. In consideration for the promises contained in this Confidential Settlement Agreement and Mutual General Release ("Agreement"), the Parties unconditionally release and discharge each other ("Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, asserted or unasserted, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's contracting and/or employment with, or the separation of his employment or termination of contract with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Defendants committed prior to and through the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This release includes all claims which were, or could have been, asserted in the lawsuit *Parker et al v. Angels House, LLC et al*, Case No. 15-cv-81663, pending before the U.S. District Court for the Southern District of Florida (hereafter "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the promises of Plaintiffs as set forth herein, the Parties agree to settle this matter for a total of $46,050.00, which shall be made payable to the "Koz Law, P.A." and delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 according to the following payment schedule:

| Payment | Amount | Due Date |
|---|---|---|
| 1 | $ 7,675.00 | June 1, 2016 |
| 2 | $ 7,675.00 | July 1, 2016 |
| 3 | $ 7,675.00 | August 1, 2016 |
| 4 | $ 7,675.00 | September 1, 2016 |
| 5 | $ 7,675.00 | October 1, 2016 |
| 6 | $ 7,675.00 | November 1, 2016 |

If any of the above payments are delivered before the Court has entered an Order approving the Settlement Agreement and dismissing the case with prejudice, Plaintiffs' counsel will hold the received funds in trust pending dismissal of the lawsuit. Out of the settlement proceeds, Plaintiff Eugene Lee Parker is receiving $12,682.53, Carrina Thomas is receiving $10,522.06, and Kyle Bertrand Thomas is receiving $3,795.41 for alleged unpaid overtime wages and liquidated damages. Plaintiff's counsel is receiving $19,050.00 for Attorney's fees and costs.

The parties agree that this settlement constitutes a fair and reasonable compromise of disputed claims. The parties agree to seek the Court's approval of this Settlement Agreement along with reservation of jurisdiction to enforce the terms of the settlement agreement.

3. **Mutual Covenant of Confidentiality**. The Parties agree that the facts of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiff's spouse, counsel, accountant, Defendant's spouse, counsel or accountant, or Defendant's counsel or accountant, pursuant to a subpoena, to enforce this Agreement, or to submit to the Court for review and approval of the Parties' settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff's counsel and Defendants' counsel.

4. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, attorney, parent companies, related companies, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.



6.  **Non-Disparaging Remarks.** The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will the Parties make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7.  **Future Employment.** Plaintiff agrees not to reapply for employment with Defendants in the future and agrees that if he does apply, he will not be hired. Plaintiff agrees that Defendants' refusal to hire him (or his termination in the event he is inadvertently hired) is in accordance with this Agreement and not retaliatory or otherwise a violation of any law, regulation or ordinance.

8.  **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

9.  **Dismissal of Lawsuit.** Within five business (5) days of signing this Agreement by Defendants and Plaintiff, and delivery to Plaintiff's counsel of a fully executed copy of this Agreement, Plaintiff's counsel agrees to effectuate dismissal of the lawsuit with prejudice by filing with the Court, a motion for approval of the Parties' settlement, and with the Court to reserve jurisdiction to enforce the terms of this Agreement.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these Parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

12. **Voluntariness. Parties Represented by Counsel.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing this Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence. This Agreement is not to be construed against any party. All Parties were represented by counsel and participated in the drafting of this Agreement.

13. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

14. **Default.** If Defendants fail to deliver any payment timely pursuant to the payment schedule in section 2 above, Plaintiffs' counsel shall give notice of default via e-mail to adam@heffnerlaw.com and beau@jbparkerlaw.com. Defendants shall have five days opportunity to cure from when notice of default is e-mailed. If Defendants fail to cure default within five days,



Plaintiffs shall be entitled to a default final judgment in the amount of double the entire remaining unpaid balance pursuant to the payment schedule in section 2 above, plus attorneys' fees and costs incurred in obtaining the default final judgment, plus attorneys' fees and costs incurred during post-judgment collections.

EUGENE LEE PARKER

By: _____
     EUGENE LEE PARKER

Date: 5-26-16

ANGELS HOUSE, LLC D/B/A
ANGEL'S RECOVERY

By: _____

Title: CEO

Date: 5-25-16

CARRINA CELIA THOMAS,

By: _____
     CARRINA CELIA THOMAS,

Date: _____

ANGEL'S RECOVERY LLC

By: _____

Title: CEO

Date: 5-25-16

KYLE BERTRAND THOMAS,

By: _____
     KYLE BERTRAND THOMAS,,

Date: _____

TOVAH JASPERSON

By: _____
     TOVAH JASPERSON

Date: 5-25-16

Plaintiffs shall be entitled to a default final judgment in the amount of double the entire remaining unpaid balance pursuant to the payment schedule in section 2 above, plus attorneys' fees and costs incurred in obtaining the default final judgment, plus attorneys' fees and costs incurred during post-judgment collections.

EUGENE LEE PARKER

By: _____
EUGENE LEE PARKER

Date: 5-26-16

CARRINA CELIA THOMAS,

By: _____
CARRINA CELIA THOMAS,

Date: 6-3-16

KYLE BERTRAND THOMAS,

By: _____
KYLE BERTRAND THOMAS,

Date: 6-3-16

ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY

By: _____

Title: CEO

Date: 5-25-16

ANGEL'S RECOVERY LLC

By: _____

Title: CEO

Date: 5-25-16

TOVAH JASPERSON

By: _____
TOVAH JASPERSON

Date: 5-25-16